FILED
2010 Apr-07 AM 09:24
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

JAMES E. CARSON,                    ]
                                    ]
    Plaintiff,                      ]
                                    ]
    vs.                             ]       3:09-CV-00282-LSC
                                    ]
MICHAEL ASTRUE,                     ]
Commissioner,                       ]
Social Security Administration,     ]
                                    ]
    Defendant.                      ]

MEMORANDUM OF OPINION

I.  Introduction.

The claimant, James Carson, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Carson timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Carson was forty-eight years old at the time of the Administrative Law Judge's ("ALJ") decision[1], and he has at least a high school education. (Tr. at 421.) His past work experiences include employment as a construction worker, route delivery driver, and saw mill worker. (*Id*. at 420.) Carson claims that he became disabled on May 15, 2004, due to heart problems, knee and back pain, and blindness in his left eye. (*Id*. at 439-45.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These

---

[1] A previous decision was issued by the ALJ on January 25, 2006. (Tr. at 11-19.) Plaintiff appealed that decision, and another judge from this Court remanded the case on March 27, 2008, for evaluation of Plaintiff's residual functional capacity in accordance with Social Security Ruling 96-8p. (*Id*. at 464-87.)

impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the

analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Carson meets the nondisability requirements for a period of disability and DIB and was insured through June 30, 2009. (Tr. at 416.) He further determined that Carson has not engaged in substantial gainful activity since the alleged onset of his disability. (*Id.*) According to the ALJ, Plaintiff's "arteriosclerotic heart disease status post PTCA stent times 3, former history of nicotine addiction, hypertension, and recent MRI 8/6/08 revealing degenerative disc disease of the lumbar spine" are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (*Id.* at 418.) The ALJ determined that Carson has the residual functional capacity to perform light work, provided Plaintiff "can sit for one hour at a time, stand

for thirty minutes at one time and walk one half mile at one time alternating as needed during an eight-hour workday. If he needs to lie down it must be on breaks and during the lunch period. He can lift at least 20 pounds occasionally. The claimant is not restricted in his ability to lift, carry or handle objects and he is not limited in his ability to do work related activities such as sitting, standing, walking, hearing or traveling. He cannot perform assembly type jobs." (*Id.*)

Using the testimony of a vocational expert, the ALJ determined that Carson would not be able to perform his past relevant work, but considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Carson can perform. (Tr. at 421-22.) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from May 15, 2004[,] through the date of this decision." (*Id.* at 422.)

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1)

whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "[d]espite this deferential standard [for review of claims] it is imperative

that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.  Discussion.

Carson filed the instant action on February 13, 2009, asking for judicial review of the ALJ's decision. (Doc. 1.) However, Carson failed to submit any brief, argument, list of authorities, or statement in support of his appeal. The Commissioner submitted a brief (Doc. 8), and Carson did not submit a reply. Deadlines for submissions have passed, and the issues in this case are ripe for decision. Carson has failed to point to any errors in the ALJ's opinion, despite the fact that he had three opportunities to do so: (1) the complaint, (2) an initial brief in support of his claim, and (3) a reply to the Commissioner's brief.

This Court, however, has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record. Based upon that evaluation, the Court concludes that the ALJ's decision applies the proper legal standards and is

supported by substantial evidence.  The ALJ did not err when he concluded that Carson is not disabled.

IV.    Conclusion.

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done this <u>7th</u> day of <u>April 2010</u>.

                                                                   L. SCOTT COOGLER
                                      UNITED STATES DISTRICT JUDGE
                                                      139297